■ DIEGO CROCHE et al., Appellants, v WYCKOFF PARK ASSOCIATES et al., Defendants, and BASSUK BROS., INC., Respondent. [711 NYS2d 490] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated May 4, 1999, as granted that branch of the motion of the defendants Bassuk Bros., Inc., Arnold Bassuk, Irving Bassuk, and Bas Freebar Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendant Bassuk Bros., Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Diego Croche (hereinafter the plaintiff) was injured during the course of his employment as a superintendent of premises owned by the defendant Wyckoff Park Associates and managed by the defendant Bassuk Bros., Inc. The Supreme Court properly dismissed the complaint insofar as asserted against the defendant Bassuk Bros., Inc., on the ground that recovery was barred by the Workers' Compensation Law. Bassuk Bros., Inc., made a prima facie showing that the plaintiff was its special employee (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *see also, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Gjelaj v Dwelling Mgrs.,* 251 AD2d 4; *Levine v Lee's Pontiac,* 203 AD2d 259), and the plaintiffs failed to raise a triable issue of fact as to the special employee status (*see,* CPLR 3212 [b]; *Zuckerman v City of New York, supra,* at 562). Accordingly, since the plaintiff elected to accept Workers' Compensation benefits from his general employer, he is barred from maintaining an action at law against Bassuk Bros., Inc., his special employer (*see, Gubitosi v National Realty Co.,* 247 AD2d 512). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.