▉ THOMAS HOFWEBER et al., Appellants, v ROBERT SOROS et al., Defendants, and MELISSA SCHIFF SOROS, Respondent. [870 NYS2d 98]—

The defendants Robert Soros and Melissa Schiff Soros maintain a residence on Enterprise Road in Rhinebeck, Dutchess County, where they employed the plaintiff Thomas Hofweber (hereinafter the plaintiff) to care for their horses. Since they employed a number of people at the residence, the Soroses created the company Household Services II, LLC, as an administrative service to handle payroll, medical benefits, and workers' compensation insurance. The plaintiff signed a statement identifying the Soroses as his employers, even though his paycheck came from Household Services II, LLC. The plaintiff identified Melissa Schiff Soros as his "boss." Melissa Schiff Soros submitted an affidavit in which she averred that only she and Robert Soros had the power to fire their employees.

The plaintiff was injured in an accident on the premises on January 22, 2004 for which he received workers' compensation benefits. He also commenced this action to recover damages for his injuries. In an order dated August 28, 2007 the Supreme Court granted the motion of the defendant Melissa Schiff Soros for summary judgment dismissing the complaint insofar as asserted against her. We affirm.

In general, workers' compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment (*see* Workers' Compensation Law § 11; *Cronin v Perry,* 244 AD2d 448 [1997]). The receipt of workers' compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer (*see Croche v Wyckoff Park Assoc.,* 274 AD2d 542 [2000]). A person's classification as a special employee is usually a question of fact, but can also be decided as a matter of law (*see Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557 [1991]; *Schramm v Cold Spring Harbor Lab.,* 17 AD3d 661, 662 [2005]; *Adams v Virco Mfg. Corp.,* 251 AD2d 608 [1998]). In determining whether a special employment relationship exists, a "significant and weighty feature" is "who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.,* 78 NY2d at 558; *see Alvarez v Cunningham Assoc., L.P.,* 21 AD3d 517, 518 [2005]). Other principal factors include "who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business" (*Schramm v Cold Spring Harbor Lab.,* 17 AD3d at 662).

Here, in light of the control and direction which Melissa Schiff Soros exercised over the plaintiff, the Supreme Court properly concluded that the plaintiff was her special employee as a matter of law, and thus, that the instant action is barred by the plaintiff's recovery of workers' compensation benefits (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Santucci, Dillon and Covello, JJ., concur.