■ PEDRO PENA et al., Respondents, v AUTOMATIC DATA PROCESSING, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [900 NYS2d 393]—

In an action to recover damages for personal injuries, etc., the defendant Automatic Data Processing, Inc., appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated February 4, 2009, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who is entitled to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained. These exclusivity provisions also have been applied to shield from suit persons or entities other than the injured plaintiff's direct employer (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 358-359 [2007]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). In this regard, a general employee of one employer may also be a special employee of another employer (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557; *Spencer v Crothall Healthcare, Inc.*, 38 AD3d 527, 528 [2007]). The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer (*see Hofweber v Soros*, 57 AD3d 848, 849 [2008]; *Croche v Wyckoff Park Assoc.*, 274 AD2d 542 [2000]). A person's classification as a special employee is usually a question of fact, but can also be decided as a matter of law (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557; *Hofweber v Soros*, 57 AD3d at 849; *Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]; *Adams v Virco Mfg. Corp.*, 251 AD2d 608 [1998]).

In determining whether a special employment relationship exists, a "significant and weighty feature" is "who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *see Hofweber v Soros*, 57 AD3d at 849; *Alvarez v Cunningham Assoc., L.P.*, 21 AD3d 517, 518 [2005]). Other principal factors include "who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business" (*Schramm v Cold Spring Harbor Lab.*, 17 AD3d at 662; *see Hofweber v Soros*, 57 AD3d at 849).

Here, the defendant Automatic Data Processing, Inc. (hereinafter ADP), failed to make a prima facie showing that the plaintiff Pedro Pena (hereinafter Pena) was its special employee and that, as a consequence, Pena's claims against it are barred by the exclusivity provisions of the Workers' Compensation Law (*see Benn v Losquadro Ice Co., Inc.*, 65 AD3d 655, 657 [2009]; *Soto v Akam Assoc., Inc.*, 61 AD3d 665, 666 [2009]; *Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825, 826 [2008]; *Marrero v Akam Assoc. LLC*, 39 AD3d 716, 717-718 [2007]; *Smith v Kingsbrook Jewish Med. Ctr.*, 5 AD3d 586 [2004]). In support of its motion, ADP submitted evidence supporting its contention that its supervisory employees controlled and directed the manner, details, and ultimate result of Pena's work. However, ADP also submitted the transcript of Pena's deposition, at which he testified that his two immediate supervisors, who instructed him on the work he was to perform, were employed by his general employer, the third-party defendant Randstad US, LP (hereinafter Randstad). While ADP characterizes these statements as "conclusory allegations," this testimony, based on Pena's firsthand knowledge, raised a triable issue of fact as to whether the persons who directed his work were employed by ADP or Randstad. Moreover, ADP did not establish, prima facie, that the two supervisors were themselves special employees of ADP, even if they were general employees of Randstad. Furthermore, ADP's submissions failed to establish the identity of the employer of the person charged with supervising the two individuals whom Pena claimed to be his immediate supervisors (*cf. Bautista v David Frankel Realty, Inc.*, 54 AD3d 549 [2008]; *Jaynes v County of Chemung*, 271 AD2d 928 [2000]). Since ADP failed to make a prima facie showing that Pena was its special employee, the Supreme Court properly denied its motion for summary judgment dismissing the complaint insofar as asserted against it. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.