■ Jose Franco, Respondent, v Kaled Management Corp., Doing Business as Wisteria Tower Condominium, Appellant, et al., Defendant. [903 NYS2d 512]—

In an action to recover damages for personal injuries, the defendant Kaled Management Corp., doing business as Wisteria Tower Condominium, appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered July 20, 2009, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

"In general, workers' compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment" (*Hofweber v Soros*, 57 AD3d 848, 849 [2008]; *see* Workers' Compensation Law §§ 11, 29 [6]; *Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 357 [2007]). Moreover, where an injured worker elects to receive Workers' Compensation benefits from his or her general employer, a special employer is shielded from an action at law commenced by the special employee (*see* Workers' Compensation Law § 29 [6]; *Pena v Automatic Data Processing, Inc.*, 73 AD3d 724 [2010]; *Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825 [2008]; *Graziano v 110 Sand Co.*, 50 AD3d 635, 637 [2008]; *Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1005 [2006]).

"A special employee is described as one who is transferred for a limited time of whatever duration to the service of another. General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991] [citations omitted]). Although not a per se rule, generally, whether a special employment relationship existed is a question of fact (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557; *Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]; *Smith v Kingsbrook Jewish Med. Ctr.*, 5 AD3d 586 [2004]). While no single factor is determinative, "a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558). Other factors include "who is responsible for the payment of wages and the

furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business" (*Schramm v Cold Spring Harbor Lab.*, 17 AD3d at 662; *see Balamos v Elmhurst Realty Co. I, LLC*, 56 AD3d 705 [2008]; *Ugijanin v 2 W. 45th St. Joint Venture*, 43 AD3d 911, 913 [2007]).

Here, the defendant Kaled Management Corp., doing business as Wisteria Tower Condominium (hereinafter Kaled), failed to establish, prima facie, that the plaintiff was its special employee and that, as a consequence, the plaintiff's claims against it are barred by the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *Pena v Automatic Data Processing, Inc.*, 73 AD3d 724 [2010]; *Benn v Losquadro Ice Co., Inc.*, 65 AD3d 655, 657 [2009]; *Soto v Akam Assoc., Inc.*, 61 AD3d 665, 666 [2009]; *Marrero v Akam Assoc. LLC*, 39 AD3d 716, 717-718 [2007]; *Smith v Kingsbrook Jewish Med. Ctr.*, 5 AD3d at 586; *cf. Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558-559; *Balamos v Elmhurst Realty Co. I., LLC*, 56 AD3d at 706; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978, 981 [2008]; *Ugijanin v 2 W. 45th St. Joint Venture*, 43 AD3d at 913). In support of its motion, Kaled submitted the affidavit of its building superintendent, who like the plaintiff was a general employee of Wisteria Tower Condominium (hereinafter Wisteria), and who averred that he was the plaintiff's direct supervisor.

Moreover, Kaled's submissions did not eliminate all material issues of fact as to whether Wisteria relinquished control over hiring to Kaled (*see Marrero v Akam Assoc. LLC*, 39 AD3d at 717-718; *cf. Balamos v Elmhurst Realty Co. I., LLC*, 56 AD3d at 706).

Since Kaled failed to meet its prima facie burden, denial of its motion was required without regard to the sufficiency of the plaintiff's papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.