JAMES D'ALESSANDRO, Appellant, v AVIATION CONSTRUCTORS, INC., Defendant/Third-Party Plaintiff-Respondent. DOVIN CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent. [921 NYS2d 140]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 6, 2009, as granted those branches of the defendant's motion and the third-party defendant's cross motion which were for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the defendant's motion and the third-party defendant's cross motion which were for summary judgment dismissing the complaint are denied.

The plaintiff was injured while moving debris at a construc-

tion site managed by the defendant, Aviation Constructors, Inc. (hereinafter Aviation). Following the accident, the plaintiff applied for and received workers' compensation benefits from his employer, the third-party defendant Dovin Construction Company, Inc. (hereinafter Dovin), a subcontractor on the construction project. After depositions had been conducted, Aviation moved and Dovin cross-moved, inter alia, for summary judgment dismissing the complaint, contending that the action was barred by the Workers' Compensation Law because the plaintiff was a special employee of Aviation. The Supreme Court granted those branches of the respective motion and cross motion which were for summary judgment dismissing the complaint. We reverse, and deny those branches of the motion and cross motion which were for summary judgment dismissing the complaint.

Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who elects to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained. These exclusivity provisions have also been applied to shield, from suit, persons or entities other than the injured plaintiff's direct employer, including special employers (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 357-358 [2007]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Thus, an injured person who elects to receive workers' compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d at 358-359; *Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557; *Pena v Automatic Data Processing, Inc.*, 73 AD3d 724 [2010]). "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another. General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557 [citation omitted]; *see Franco v Kaled Mgt. Corp.*, 74 AD3d 1142 [2010]). The determination of special employment status is generally a question of fact, and may only "be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *see Fung v Japan Airlines Co., Ltd.*, 9 NY3d at 359; *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 150 [2010]). Although no one factor is determinative in deciding whether a special employment relationship exists, a key consideration is the employer's right to direct the work and the degree of control exercised over

the employee (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *Slikas v Cyclone Realty, LLC*, 78 AD3d at 150).

Here, Aviation and Dovin failed to make a prima facie showing that the plaintiff was Aviation's special employee, and, accordingly, that the plaintiff's claims are barred by the Workers' Compensation Law (*see Franco v Kaled Mgt. Corp.*, 74 AD3d at 1143; *Pena v Automatic Data Processing, Inc.*, 73 AD3d at 725; *Smith v Delta Intl. Mach. Corp.*, 69 AD3d 840, 841-842 [2010]; *Soto v Akam Assoc., Inc.*, 61 AD3d 665, 666 [2009]; *Small v Winter Bros.*, 302 AD2d 445, 446 [2003]). In support of their respective motion and cross motion, Aviation and Dovin relied upon the plaintiff's deposition testimony, in which the plaintiff stated that he believed he was working for Aviation, and that he reported to an individual from Aviation. However, Aviation and Dovin also submitted the deposition testimony of the Aviation representative in charge of operations at the construction site, who testified that laborers borrowed from Dovin for the project were supervised by both a field supervisor employed by Aviation, and a foreman employed by Dovin. Thus, the evidence submitted in support of the respective motion and cross motion failed to eliminate all material issues of fact as to whether Dovin surrendered complete control of the plaintiff's employment activities to Aviation.

Since Aviation and Dovin failed to sustain their prima facie burdens, denial of their motion and cross motion was required without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Franco v Kaled Mgt. Corp.*, 74 AD3d at 1143.

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.