■ HAROLD M. GONZALEZ, Appellant-Respondent, v WOODBOURNE ARBORETUM, INC., et al., Respondents-Appellants, et al., Defendant. [954 NYS2d 113]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, (Jones, Jr., J.), dated July 28, 2011, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and granted those branches of the motion of the defendants Woodbourne Arboretum, Inc., and Woodbourne Cultural Nurseries, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against them, and the defendants Woodbourne Arboretum, Inc., and Woodbourne Cultural Nurseries, Inc., cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action is barred by the Workers' Compensation Law and granted the plaintiff's cross motion for summary judgment dismissing their fourth and fifth affirmative defenses.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In June 2005, the decedent, Ciro A. Mata, was employed by nonparty Leonard Litwin to perform landscaping work on property owned by Litwin and property owned by the defendant Woodbourne Arboretum, Inc. (hereinafter the Arboretum), a corporation of which Litwin was president. On June 28, 2005, an employee of the defendant Woodbourne Cultural Nurseries, Inc. (hereinafter the Nursery), brought an irrigation device known as a "water cannon" to a garage located on the Arboretum's grounds so that a mechanic employed by Litwin could help him replace the water cannon's rear axle, which had worn thin, causing the machine to leak. At the end of the day, the two men working on replacing the axle asked the decedent to assist them by acting as a spotter while they moved the water cannon, which was approximately 10 to 12 feet tall and weighed more than one ton, off two jack stands in order to get it completely inside the garage for the night. Just after the move was completed, the water cannon tipped over and fell on the decedent, causing his death. After the accident, the decedent's family received workers' compensation benefits through an insurance policy maintained by Litwin. The plaintiff, as administrator of the decedent's estate, subsequently commenced this action against, among others, the Nursery and the Arboretum (hereinafter together the defendants) alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence.

After the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, contending that the accident fell within the ambit of the statute because the water cannon was a structure undergoing repair which fell because it was hoisted in a dangerous manner. The defendants countered by jointly moving for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was barred by the Workers' Compensation Law either because the decedent was their special employee, or because they were Litwin's alter ego or joint venturer. In the alternative, the defendants argued that the plaintiff's Labor Law § 240 (1) cause of action should be dismissed because the work being performed on the water cannon constituted routine maintenance which was not covered by the statute. The defendants also contended that the plaintiff's Labor Law § 241 (6) cause of action should be dismissed because the accident did not occur in an area where construction, excavation, or demolition work was being performed. The plaintiff then cross-moved for summary judgment dismissing the defendants' fourth affirmative defense that the action was barred by the Workers' Compensation Law, and fifth affirmative defense that the decedent was the defendants' special employee. The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against them. The Supreme Court also denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was barred by the Workers' Compensation Law, and granted the plaintiff's cross motion to dismiss their fourth and fifth affirmative defenses, concluding that the evidence established that the decedent was employed solely by Litwin, that the defendants were corporate entities distinct from Litwin, and that the decedent was not the defendants' special employee because they did not direct and control his work.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against them. "While the reach of section 240 (1) is not limited to work performed on actual construction sites . . . the task in which an injured employee was engaged must have

been performed during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*Martinez v City of New York*, 93 NY2d 322, 326 [1999]). Here, the deposition testimony upon which both the plaintiff and the defendants relied in support of their respective motions established that the decedent was assisting workers who were engaged in replacing a component of the water cannon which had worn thin, causing the machine, which remained operable, to leak. The replacement of a worn-out component in an operable piece of machinery constitutes "routine maintenance" rather than "repair" or "alteration," and thus falls outside the protective scope of Labor Law § 240 (1) (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Gleason v Gottlieb*, 35 AD3d 355, 356 [2006]; *Wein v Amato Props., LLC*, 30 AD3d 506, 507 [2006]; *Jones v Village of Dannemora*, 27 AD3d 844, 845-846 [2006]; *Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 873 [2004]). Furthermore, since the decedent's accident did not occur in connection with construction, demolition, or excavation work, Labor Law § 241 (6) does not apply (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d at 528; *Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]; *Enos v Werlatone, Inc.*, 68 AD3d 713, 715 [2009]; *Hurtado v Interstate Materials Corp.*, 56 AD3d 722 [2008]; *Irizarry v State of New York*, 35 AD3d 665, 666 [2006]; *Goad v Southern Elec. Intl.*, 304 AD2d 887, 888 [2003]).

The Supreme Court also properly determined that the action is not barred by the Workers' Compensation Law. Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who elects to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained. These exclusivity provisions have also been applied to shield persons or entities other than the injured plaintiff's direct employer from suit, including special employers (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 357-358 [2007]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Thus, an injured person who elects to receive workers' compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d at 358-359; *Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557). A significant and weighty factor in determining whether a special employment relationship exists is "who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *see Persad v Abreu*, 84 AD3d 1046, 1047 [2011]). The

exclusivity provisions of the Workers' Compensation Law also extend to entities which are alter egos of, or engaged in a joint venture with, the injured worker's employer (*see Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 595 [2010]; *Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825, 826 [2008]).

The defendants failed to make a prima facie showing that the decedent was their special employee at the time of his death because they did not submit sufficient evidence to establish, inter alia, that they controlled and directed the manner, details, and ultimate result of his work (*see Persad v Abreu*, 84 AD3d at 1047; *D'Alessandro v Aviation Constructors, Inc.*, 83 AD3d 769, 771 [2011]; *George v IBC Sales Corp.*, 76 AD3d 950, 952-953 [2010]; *Franco v Kaled Mgt. Corp.*, 74 AD3d 1142, 1143 [2010]; *Pena v Automatic Data Processing, Inc.*, 73 AD3d 724, 725 [2010]). The defendants' evidentiary submissions were also insufficient to establish that the Workers' Compensation Law bars this action because they were alter egos of the decedent's employer Litwin, or engaged in a joint venture with Litwin (*see Andrade v Brookwood Communities, Inc.*, 97 AD3d 711 [2012]; *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 150-151 [2010]; *Lee v Arnan Dev. Corp.*, 77 AD3d 1261, 1262-1263 [2010]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595; *Haracz v Cee Jay, Inc.*, 74 AD3d 1147, 1148 [2010]; *Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964, 965-966 [2003]). Conversely, in support of his cross motion to dismiss the defendants' fourth and fifth affirmative defenses, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the decedent, who received his salary and benefits from Litwin and was supervised by another Litwin employee, was not the defendants' special employee (*see Digirolomo v Goldstein*, 96 AD3d 992, 994 [2012]; *Charles v Broad St. Dev., LLC*, 95 AD3d 814, 816 [2012]), and that the defendants were not Litwin's alter egos or engaged in a joint venture with him (*see Longshore v Davis Sys. of Capital Dist.*, 304 AD2d at 966; *Devorin v One Wall St. Corp.*, 210 AD2d 37 [1994]). In opposition to the plaintiff's prima facie showing, the defendants failed to raise an issue of fact. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action is barred by the Workers' Compensation Law, and granted the plaintiffs' cross motion for summary judgment dismissing their fourth and fifth affirmative defenses. Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.