■ Jose Abreu, Appellant, v Wel-Made Enterprises, Inc., Respondent. [964 NYS2d 198]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated March 13, 2012, as granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action are denied.

The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) extends to special employers (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 357-358 [2007]; *Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d 694, 697 [2012]; *D'Alessandro v Aviation Constructors, Inc.*, 83 AD3d 769, 770 [2011]). Thus, an injured person who elects to receive Workers' Compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d at 358-359; *Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d at 697; *D'Alessandro v Aviation Constructors, Inc.*, 83 AD3d at 770). "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another. General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991] [citation omitted]). The determination of special employment status is usually a question of fact and may only be made as a "matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*id.* at 558). "Although 'no one [factor] is decisive,' the question of 'who controls and directs the manner, details and ultimate result of the employee's work' is a 'significant and weighty feature' of the analysis" (*Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 595 [2010], quoting *Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558). The exclusivity provisions of the Workers' Compensation Law also extend to entities which are alter egos of the injured worker's employer (*see Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d at 697-698; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595).

Here, the defendant failed to make a prima facie showing that the plaintiff was its special employee, as it did not submit sufficient evidence to establish, inter alia, that it controlled and

directed the manner, details, and ultimate result of his work (*see Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d at 698; *D'Alessandro v Aviation Constructors, Inc.*, 83 AD3d at 770-771; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595-596). The evidence submitted by the defendant also was insufficient to establish that the Workers' Compensation Law bars this action because it was an alter ego of the plaintiff's employer (*see Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d at 698; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595). Accordingly, the Supreme Court properly determined that the defendant was not entitled to the relief requested based on the exclusivity provisions of the Workers' Compensation Law.

Contrary to the defendant's contention, it also failed to make a prima facie showing that it lacked notice of the allegedly defective platform and railings (*see Rodriguez v BCRE 230 Riverdale, LLC*, 91 AD3d 933, 935 [2012]; *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 149 [2010]; *Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69 AD3d 701, 702 [2010]; *see also Akins v Baker*, 247 AD2d 562, 563 [1998]). Accordingly, since the defendant failed to establish its entitlement to judgment as a matter of law, the Supreme Court should not have granted those branches of its motion which were for summary judgment dismissing the first and second causes of action, which alleged common-law negligence and violations of Labor Law § 200, respectively, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Dickerson, Hall and Lott, JJ., concur.