In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated October 4, 2011, as granted that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict finding that the plaintiff Pedro Pena was not a special employee of the defendant at the time of the accident at issue, as contrary to the weight of the evidence and for a new trial, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were pursuant to CPLR 4401 for judgment as a matter of law and CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law.
Ordered that the order is reversed insofar as appealed from, on the facts, and that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial is denied; and it is further,
Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
“Workers’ Compensation Law §§ 11 and 29 (6) provide that an employee who is entitled to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained” (Pena v Automatic Data Processing, Inc., 73 AD3d 724, 724 [2010]). These exclusivity provisions also have been applied to shield from suit persons or entities other than the injured plaintiff’s direct employer (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358-359 [2007]; Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]). For purposes of the Workers’ Compensation Law, a person may be deemed to have more than one employer, a general employer and a special employer (see Thompson v Grumman Aerospace Corp., 78 NY2d at 557; Kramer v NAB Constr. Corp., 250 AD2d 818 [1998]). The receipt of Workers’ Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer (see Hofweber v Soros, 57 AD3d 848, 849 [2008]; Croche v Wyckoff Park Assoc., 274 AD2d 542 [2000]).
In determining whether a special employment relationship exists, “who controls and directs the manner, details and *925 ultimate result of the employee’s work” is a “significant and weighty feature,” but is not determinative of the issue (Thompson v Grumman Aerospace Corp., 78 NY2d at 558; see Hofweber v Soros, 57 AD3d at 849; Alvarez v Cunningham Assoc., L.P., 21 AD3d 517, 518 [2005]). Indeed, “[m]any factors are to be considered when deciding whether such a special employment relationship exists and not one factor is decisive” (Kramer v NAB Constr. Corp., 250 AD2d at 818). Other principal factors to be considered include “who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer’s or the general employer’s business” (Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662 [2005]; see Hofweber v Soros, 57 AD3d at 849). General employment will be presumed to continue unless there is a “clear demonstration of surrender of control by the general employer and assumption of control by the special employer” (Thompson v Grumman Aerospace Corp., 78 NY2d at 557; see Matter of Rosato v Thunderbird Constr. Co., 299 AD2d 670, 671 [2002]).
Where, as here, elements of the employment bespeak both general and special employment, a person’s categorization as a special employee is a question of fact for the jury to determine (Schramm v Cold Spring Harbor Lab., 17 AD3d at 662; see Matter of Johnson v New York City Health & Hosps. Corp., 214 AD2d 895, 896 [1995]). A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 745-746 [1995]; Nicastro v Park, 113 AD2d 129, 130 [1985]; Vittiglio v Gaurino, 100 AD3d 987 [2012]). The jury is free to accept or reject some or all of the parties’ testimony and weigh any conflicting inferences (see Johnny’s Plumbing & Heating, Inc. v Garson Bros. Constr., LLC, 63 AD3d 689 [2009]). Furthermore, “[i]t is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses” (Palermo v Original California Taqueria, Inc., 72 AD3d 917, 918 [2010]; see Adetimirin v Howland Hook Hous. Co., Inc., 92 AD3d 814, 815 [2012]).
The jury’s determination that a special employment relationship did not exist between the defendant and the plaintiff Pedro Pena (hereinafter the injured plaintiff) was supported by a fair interpretation of the evidence (see Winther v Railroad Maintenance Corp., 169 AD2d 591, 592 [1991]). Accordingly, the *926 Supreme Court erred in granting that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict finding that the injured plaintiff was not a special employee of the defendant as contrary to the weight of the evidence and for a new trial.
The parties’ remaining contentions either are without merit or need not be addressed in light of the foregoing.
Rivera, J.E, Dickerson, Leventhal and Hinds-Radix, JJ., concur.