Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered December 30, 2011, which, after a framed issue hearing, found that defendant Rockaway One Company, LLC had established its affirmative defense of workers’ compensation exclusivity and dismissed the complaint as against Rockaway, unanimously affirmed, without costs.
Plaintiff Morris Faulk alleges he was injured during the course of his employment as a security guard employed by Pelican Management Inc. (Pelican), and assigned to Wavecrest Gardens, which is owned by defendant Rockaway.
The court’s finding that Rockaway demonstrated that plaintiff was its special employee (see Thompson v Grumman Aerospace Corp., 78 NY2d 553 [1991]) is supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]), and could be reached by a rational factfinder, based on a valid line of reasoning and permissible inferences (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). The proof adduced at the hearing demonstrated that plaintiff, although paid by Pelican, worked under the direct supervision and control of defendant Rockaway at the Wavecrest Gardens property, with defendant possessing the plenary right to have plaintiff discharged, to dictate his work hours, wages, vacation schedule, work assignments, award severance and vacation pay. Rockaway issued the uniforms, supplies and the access cards to the buildings, and supervised and evaluated plaintiffs work (see Ugijanin v 2 W. 45th St. Joint Venture, 43 AD3d 911, 913 [2d Dept 2007]; Ramirez v Miller, 41 AD3d 298 [1st Dept 2007], lv dismissed 10 NY3d 784 [2008]).
Although plaintiff may have received his paycheck from Pelican, Pelican acted as the administrative entity for Rockaway. Further, both testimonial and documentary evidence showed that the funds for the security staffs salary were administratively charged to Rockaway’s account by Pelican (see MoratoRodriguez v Riva Constr. Group, Inc., 88 AD3d 549, 549 [2011]).
As the foregoing established that plaintiff was a special employee of defendant, this action against defendant to recover for injuries sustained by plaintiff in the course of his employment is barred by Workers’ Compensation Law § 11 (see Paulino v Lifecare Transp., 57 AD3d 319 [1st Dept 2008]).
We have considered plaintiffs remaining arguments and find *476 them unavailing. Concur — Mazzarelli, J.P., Sweeny, Moskowitz and Gische, JJ.