◾ SHARON SMITH-LERNER et al., Respondents, v ART STUDENTS LEAGUE OF NEW YORK, Appellant. [988 NYS2d 224]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated June 25, 2013, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Sharon Smith-Lerner allegedly sustained injuries while working as a model in an art class offered by the defendant. Prior to commencing the instant action, Smith-Lerner, represented by counsel, commenced a proceeding before the Workers' Compensation Board relating to that accident, seeking Workers' Compensation benefits. Smith-Lerner and the State Insurance Fund, as the insurance carrier for the defendant, entered into a settlement agreement pursuant to Workers' Compensation Law § 32.

"Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who elects to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained" (*D'Alessandro v Aviation Constructors, Inc.*, 83 AD3d 769, 770 [2011]). A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law must demonstrate, prima facie, the applicability of the exclusivity provisions of the Workers' Compensation Law (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *George v IBC Sales Corp.*, 76 AD3d 950 [2010]). Workers' Compensation Law § 32 provides, in relevant part, that once a claim has been filed, the claimant, the employer and its carrier may enter into "an agreement settling upon and determining the compensation and other benefits due to the claimant" (Workers' Compensation Law § 32 [a]). However, that statute also provides that the "agreement shall not bind the parties to it, unless it is approved by the board" (Workers' Compensation Law § 32 [a]). While a plaintiff cannot receive both the benefits of Workers' Compensation and damages in an action at law (*see Matter of Martin v C. A. Prods. Co.*, 8 NY2d 226, 230-231 [1960]), here, the defendant failed to establish that a settlement agreement reached by the parties was approved by the Workers' Compensation Board. Since the defendant failed to meet its prima facie burden, this Court need not consider the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *D'Alessandro v Aviation Constructors, Inc.*, 83 AD3d at 770). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.

The parties' remaining contentions need not be addressed in light of our determination. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.