# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

238
CA 16-00780
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

JERAD M. ZARNOCH, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

ROBERT W. LUCKINA, INDIVIDUALLY AND DOING
BUSINESS AS ROB LUCKINA CONSTRUCTION,
DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

EDWARD C. COSGROVE, BUFFALO, FOR PLAINTIFF-APPELLANT.

ROSSI & ROSSI, ATTORNEYS AT LAW PLLC, NEW YORK MILLS (VINCENT J.
ROSSI, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered January 5, 2016. The judgment and order dismissed the complaint upon a jury verdict and denied the cross motion of plaintiff to set aside the verdict.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained in a construction accident. The accident occurred when plaintiff was assisting defendant and four other men in raising an exterior wall as part of the construction of a single-family residence. Plaintiff was employed by the general contractor, and defendant was the framing subcontractor. As plaintiff, defendant and the other men attempted to raise the wall by hand, defendant determined that the wall was too heavy and instructed the men to lower it. Plaintiff was injured when the wall fell on him as it was being lowered.

On a prior appeal, this Court affirmed an order that, inter alia, granted plaintiff's motion for partial summary judgment on Labor Law § 240 (1) liability, and granted that part of defendant's cross motion seeking leave to amend the answer to assert as an affirmative defense that plaintiff was his special employee (*Zarnoch v Luckina*, 112 AD3d 1336). Thereafter, defendant moved to bifurcate the trial, and plaintiff cross-moved to dismiss the affirmative defense of special employment pursuant to CPLR 3211 (b) and 3212. By the order in appeal No. 1, Supreme Court granted the motion and denied the cross motion. A jury trial was conducted on the special employment affirmative defense, and the jury returned a verdict finding that at the time of

the accident plaintiff was a special employee of defendant.  By the judgment and order in appeal No. 2, the court granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion to set aside the verdict and for judgment on liability in favor of plaintiff or, alternatively, for a new trial on the ground that the verdict was against the weight of the evidence.

"[W]hen an appeal from an intermediate order is perfected together with an appeal from a final judgment, the appeal from the intermediate order must be dismissed and any error alleged, to the extent that it affects the final judgment, may be reviewed upon the appeal from the final judgment" (*Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567).  We therefore dismiss the appeal from the order in appeal No. 1 but, inasmuch as that order affects the final judgment and order, plaintiff's contentions with respect to that order are properly before us upon the appeal from the judgment and order (*see* CPLR 5501 [a] [1]; *State of New York v Wolowitz*, 96 AD2d 47, 55).

We agree with plaintiff that the court erred in denying his pretrial cross motion to dismiss the special employment affirmative defense as untimely under CPLR 3212 (a) (*see generally Brill v City of New York*, 2 NY3d 648, 650-652).  To the extent that the cross motion sought relief pursuant to CPLR 3211 (b), it was not subject to the time limit for summary judgment motions under CPLR 3212 (a) (*see* Siegel, NY Prac § 272 at 470 [5th ed 2011]).  The cross motion was nevertheless properly denied because plaintiff failed to meet his burden of establishing that the affirmative defense was without merit as a matter of law (*see Bank of N.Y. v Penalver*, 125 AD3d 796, 797).

With respect to appeal No. 2, we conclude that the court properly denied plaintiff's posttrial cross motion.  On the issue of legal sufficiency, we conclude that plaintiff failed to establish that there was "simply no valid line of reasoning and permissible inferences" that could possibly lead rational jurors to find that he was a special employee of defendant (*Cohen v Hallmark Cards*, 45 NY2d 493, 499; *see Faulk v Rockaway One Co., LLC*, 107 AD3d 475, 475).  Nor did the evidence so preponderate in plaintiff's favor that the jury could not have reached its verdict by any fair interpretation of the evidence, and thus we further conclude that the verdict was not against the weight of the evidence (*see Faulk*, 107 AD3d at 475; *see generally Pena v Automatic Data Processing, Inc.*, 105 AD3d 924, 925).  At trial, defendant presented evidence that he alone controlled and directed " 'the manner, details and ultimate result of [plaintiff's] work' " on the day of the accident (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 359), and that "the work being performed was in furtherance of [his] business" rather than the general employer's business (*Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662).  The conflicting evidence presented by plaintiff raised a question of fact concerning the existence of a special employment relationship that the jury was entitled to determine in defendant's favor (*see generally Pena*, 105 AD3d at 925).

Plaintiff's nonspecific objection to the jury charge, which

challenged the charge insofar as it was at variance with plaintiff's written request, was insufficient to preserve for our review his specific contention that the court erred in failing to instruct the jury that the formation of a special employment relationship required the consent of the employee and the relinquishment of control by the general employer (*see generally Hunt v Bankers & Shippers Ins. Co. of N.Y.*, 50 NY2d 938, 940).  In any event, the alleged error did not prevent the jury from fairly considering the issue (*see Wood v Strong Mem. Hosp. of Univ. of Rochester*, 273 AD2d 929, 930-931), and the charge as a whole conveyed the appropriate legal standards.  Finally, we conclude that the court properly refused to charge the jury with respect to the limited purpose for which evidence concerning workers' compensation benefits is admitted (*see* PJI 1:65.1), inasmuch as that charge was not warranted here.

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court