Dube v County of Rockland (2018 NY Slip Op 02597)





Dube v County of Rockland


2018 NY Slip Op 02597


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-00061
 (Index No. 30438/11)

[*1]Richard Dube, et al., plaintiffs-appellants, 
v
County of Rockland, et al., respondents, USPLabs, LLC, defendant-appellant, et al., defendant (and a third- party action).


Queller, Fisher, Washor, Fuchs & Kool, LLP, New York, NY (Matthew J. Maiorana and Jonny Kool of counsel), for plaintiffs-appellants.
Cozen O'Connor, New York, NY (Vincent P. Pozzuto and Ryan T. Kearney of counsel), for defendant-appellant.
Saretsky Katz & Dranoff, LLP, New York, NY (Robert B. Weissman of counsel), for respondents.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, etc., the plaintiffs and the defendant USPLabs, LLC, separately appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated December 11, 2015. The order granted the motion of the defendants County of Rockland, Rockland County Sheriff's Department, and Rockland Regional Rescue, Entry and Counter-Terrorism Team, for summary judgment dismissing the complaint asserted against them.
ORDERED that the appeal by the defendant USPLabs, LLC, is dismissed, as it is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is reversed on the appeal by the plaintiffs, on the law, and the motion of the defendants County of Rockland, Rockland County Sheriff's Department, and Rockland Regional Rescue, Entry and Counter-Terrorism Team, for summary judgment dismissing the complaint asserted against them is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiff Richard Dube, a police officer employed by the Town of Ramapo, was selected as a candidate for the Rockland Regional Rescue, Entry and Counter-Terrorism Team (hereinafter REACT), a part-time SWAT team comprised of specially trained police officers from participating law enforcement agencies in Rockland County. During a physical fitness test in connection with his candidacy for REACT, Dube suffered heat stroke and sustained personal injuries. Dube, and his wife suing derivatively, commenced an action against the County, the Rockland County Sheriff's Department, and REACT (hereinafter collectively the County of defendants). The action was consolidated with an action the plaintiffs commenced against USPLabs, LLC, the manufacturer of a vitamin supplement Dube was taking at the time he fell ill. The County defendants moved for summary judgment dismissing the complaint asserted against them, contending that Dube was their special employee and therefore barred from commencing an action against them pursuant to Workers' Compensation Law §§ 11 and 29(6). The County defendants also contended that they were entitled to summary judgment dismissing the complaint based upon governmental immunity, the "firefighter's rule," and the doctrine of primary assumption of risk. The Supreme Court granted the motion, determining that Dube was a special employee of the County defendants, but without addressing the other grounds for summary judgment. The plaintiffs appeal.
An employee who is entitled to receive workers' compensation benefits may not sue his or her general employer or special employer for injuries occuring during the course of employment (see Workers' Compensation Law §§ 11, 29[6]; Bostick v Penske Truck Leasing Co., L.P., 140 AD3d 999, 1000; Franco v Kaled Mgt. Corp., 74 AD3d 1142, 1142; Pena v Automatic Data Processing, Inc., 73 AD3d 724, 724). A special employee is "one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; see Zupan v Irwin Contr., Inc., 145 AD3d 715, 718). The determination as to whether a special employment relationship exists is generally an issue of fact requiring consideration of many factors, including who controls and directs the manner of the employee's work, who is responsible for payment of wages and benefits, who furnishes equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business (see Thompson v Grumman Aerospace Corp., 78 NY2d at 558; Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662). General employment is presumed to continue, and the presumption can only be rebutted by a "clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (Thompson v Grumman Aerospace Corp., 78 NY2d at 557; see Perkins v Crothall Healthcare, Inc., 148 AD3d 1189, 1190; D'Alessandro v Aviation Constructors, Inc., 83 AD3d 769, 770; Franco v Kaled Mgt. Corp., 74 AD3d at 1142; Spencer v Crothall Healthcare, Inc., 38 AD3d 527, 528).
Here, the County defendants failed to meet their initial burden of submitting sufficient evidence demonstrating the absence of any triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). They did not submit sufficient evidence to rebut the presumption that Dube remained a general employee under the control of the Town at the time of the incident. Dube was under the control of the County defendants for the limited purpose of the physical test to evaluate his ability to join REACT. However, his general employer, the Town, paid his wages, gave him permission to attend the REACT test on his regular work day, paid his workers' compensation benefits, and retained the authority to discharge or discipline him.
The County defendants also failed to meet their burden on the other grounds for [*2]summary judgment. With regard to governmental immunity, they failed to establish, prima facie, that there was a set procedure for administering the physical test and that they did not violate accepted practices (see Johnson v City of New York, 15 NY3d 676; Summerville v City of New York, 257 AD2d 566). Further, the County defendants' reliance on the "firefighter's rule" is misplaced in light of our determination that they failed to establish, prima facie, that Dube was their special employee (see General Obligations Law § 11-106[1]; Giuffrida v Citibank Corp., 100 NY2d 72). Lastly, the County defendants failed to establish, prima facie, that the doctrine of primary assumption of risk is applicable under the circumstances of this case (see Custodi v Town of Amherst, 20 NY3d 83; Trupia v Lake George Cent. School Dist., 14 NY3d 392).
Because the County defendants failed to meet their prima facie burden, denial of their motion was required regardless of the sufficiency of the plaintiffs' papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, the Supreme Court should have denied the County defendants' motion for summary judgment dismissing the complaint asserted against them.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court