Samuel v Petainer (2026 NY Slip Op 00925)

Samuel v Petainer

2026 NY Slip Op 00925

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-02870
 (Index No. 511227/20)

[*1]Ori Samuel, plaintiff-respondent,
vPetainer, et al., defendants-respondents, GT's Living Foods, LLC, appellant.

Jeffrey Samel & Partners, New York, NY (Robert G. Spevack of counsel), for appellant.
Gersowitz Libo & Korek, P.C., New York, NY (Jay Dankner of counsel), for plaintiff-respondent.
Harwood Lloyd, LLP, New York, NY (Colin J. FitzPatrick of counsel), for defendants-respondents Petainer and Petainer Manufacturing USA, Inc.
Tyson & Mendes, LLP, New York, NY (John A. Anselmo of counsel), for defendant-respondent G3 Enterprises, Inc.
Black Marjieh & Sanford LLP, Elmsford, NY (Susan B. Owens of counsel), for defendant-respondent SG Storage Management, LLC, doing business as Gotham Mini Storage.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant GT's Living Foods, LLC, appeals from an order of the Supreme Court, Kings County (Anne J. Swern, J.), dated March 28, 2024. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant GT's Living Foods, LLC, which were for summary judgment dismissing the amended complaint and all cross-claims for contribution and common-law indemnification insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff.
In October 2019, the plaintiff allegedly was injured when a plastic keg containing kombucha exploded at a storage facility owned by the defendant SG Storage Management, LLC, doing business as Gotham Mini Storage (hereinafter Gotham), and leased by the defendant GT's Living Foods, LLC (hereinafter GTLF). At his deposition, the plaintiff testified that in mid-2018, he was hired by GTLF as a "brand ambassador" after interviewing with members of the GTLF team. After the plaintiff was hired, he was trained by employees of GTLF, and given work assignments and instructions on how to conduct his work by GTLF. At the time of the accident, the plaintiff was [*2]directed to remove items from the storage facility by his supervisors at GTLF so those items could be used at an event where the plaintiff would work as a brand ambassador representing GTLF kombucha products.
In an agreement entitled "Employer of Record Payrolling Managed Services Agreement," GTLF contracted with Atrium Payroll Services, LLC (hereinafter Atrium), to serve as the "employer of record" on behalf of GTLF with respect to certain "Referred Associates" of GTLF, including the plaintiff. Under this agreement, Atrium agreed to provide certain services to GTLF, including the calculation and payment of wages, the management of work-related claims, and the payment of Workers' Compensation benefits. The agreement also required GTLF to pay Atrium for all wages paid to the Referred Associates. Pursuant to the agreement, in July 2019, the plaintiff became an employee of Atrium. However, from July 2019 until his accident in October 2019, the plaintiff received no instruction from Atrium as to his work assignments or the manner in which his work should be performed. Instead, he continued to receive instruction from his supervisors at GTLF.
In May 2020, the plaintiff received a notice of decision from the Workers' Compensation Board, which determined that Atrium was required to pay certain awards to the plaintiff in connection with his accident.
In June 2020, the plaintiff commenced this action against the defendants Petainer and Petainer Manufacturing USA, Inc. (hereinafter together the Petainer defendants), and Gotham to recover damages for the injuries he allegedly sustained in connection with the accident. In an amended complaint dated October 15, 2020, the plaintiff added GTLF and the defendant G3 Enterprises, Inc. (hereinafter G3), as defendants. Thereafter, GTLF moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. The plaintiff, Gotham, the Petainer defendants, and G3 separately opposed the motion. By order dated March 28, 2024, the Supreme Court, among other things, denied GTLF's motion. GTLF appeals.
For purposes of the Workers' Compensation Law, a person may be deemed to have more than one employer—a general employer and a special employer (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; Pena v Automatic Data Processing, Inc., 105 AD3d 924, 924-925; Kramer v NAB Constr. Corp., 250 AD2d 818, 818-819). "The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (Pena v Automatic Data Processing, Inc., 105 AD3d at 924; see Hofweber v Soros, 57 AD3d 848, 849).
"In determining whether a special employment relationship exists, 'who controls and directs the manner, details and ultimate result of the employee's work' is a 'significant and weighty feature,' but is not determinative of the issue" (Pena v Automatic Data Processing, Inc., 105 AD3d at 924-925, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 558; see Hofweber v Soros, 57 AD3d at 849). Indeed, "[m]any factors are to be considered when deciding whether such a special employment relationship exists and not one factor is decisive" (Kramer v NAB Constr. Corp., 250 AD2d at 819). Other principal factors to be considered include "who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business" (Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662; see Pena v Automatic Data Processing, Inc., 105 AD3d at 925; Hofweber v Soros, 57 AD3d at 849). General employment will be presumed to continue unless there is a "clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (Thompson v Grumman Aerospace Corp., 78 NY2d at 557; see Pena v Automatic Data Processing, Inc., 105 AD3d at 925; Matter of Rosato v Thunderbird Constr. Co., 299 AD2d 670, 671).
Here, in addition to a transcript of the plaintiff's deposition testimony and a copy of the agreement between GTLF and Atrium, GTLF submitted an affidavit of its CEO, who averred, among other things, that after GTLF retained Atrium for "certain aspects of [the] plaintiff's employment, including payroll and Workers' Compensation insurance . . . [GTLF] maintained the [*3]same supervision and control of the plaintiff regarding his duties as a" brand ambassador. Based upon this evidence, GTLF established, prima facie, that GTLF was the plaintiff's special employer (see Martinez v Fifty Two W. Seventy Seventh St. Corp., 39 AD3d 503, 504). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of GTLF's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
"An employer's liability for an on-the-job injury is generally limited to workers' compensation benefits, but when an employee suffers a 'grave injury' the employer also may be liable to third parties for indemnification or contribution" (Rubeis v Aqua Club, Inc., 3 NY3d 408, 412-413; see Workers' Compensation Law § 11; Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1013).
Here, on its motion, GTLF established its prima facie entitlement to judgment as a matter of law dismissing all cross-claims for contribution and common-law indemnification insofar as asserted against it by submitting the plaintiff's bill of particulars specifying the nature of his physical injuries, none of which constituted a grave injury within the meaning of Workers' Compensation Law § 11 (see Skrok v Grand Loft Corp., 218 AD3d 702, 705; Picaso v 345 E. 73 Owners Corp., 101 AD3d 511, 512; Marshall v Arias, 12 AD3d 423, 423). The transcript of the plaintiff's deposition testimony, which GTLF also submitted, did not detail a grave injury. The parties opposing GTLF's motion failed to raise a triable issue of fact in opposition (see Marshall v Arias, 12 AD3d at 423-424). Accordingly, the Supreme Court should have granted those branches of GTLF's motion which were for summary judgment dismissing all cross-claims for contribution and common-law indemnification insofar as asserted against it.
The parties' remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court