■ MARYANNE CROWDER, Appellant, v CARL LEICHTER et al., Respondents. [723 NYS2d 193] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her

brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated June 2, 2000, as granted that branch of the motion of the defendants Carl Leichter, Russell W. Cohen, and South Nassau Dermatology, s/h/a South Shore Dermatology, which was for summary judgment dismissing the complaint insofar as asserted against them, and the separate motion of the defendant Vincent Cannino which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted the motion of the defendant Vincent Cannino for summary judgment dismissing the complaint insofar as asserted against him. Cannino made out a prima facie case that his snow and ice removal procedures conducted four days prior to the plaintiff's accident were not negligent. The plaintiff failed to raise a triable issue of fact that Cannino created or increased an existing hazard by negligently removing snow and ice that had accumulated on the sidewalk at the time of her fall (see, Blum v City of New York, 267 AD2d 341; Velez v City of New York, 257 AD2d 570; Faiz v City of New York, 254 AD2d 322).

Furthermore, the Supreme Court properly granted that branch of the motion of the defendants Carl Leichter, Russell W. Cohen, and South Shore Dermatology which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff is barred from recovering in the action by the exclusivity provisions of Workers' Compensation Law § 29 (6). Leichter and Cohen, as owners of the building adjacent to the sidewalk where the plaintiff fell, were responsible for the snow removal in that area. They were officers of the corporation of which the plaintiff was a special employee. The plaintiff, who was injured during the course of her employment, may not maintain an action to recover damages for personal injuries against the owners of the premises adjacent to the sidewalk where the accident occurred, when those owners are also officers of the corporation that employed her (see, Heritage v Van Patten, 59 NY2d 1017; Lovario v Vuotto, 266 AD2d 191, 192; Kent v Younis, 265 AD2d 889; Parrinello v Mancuso, 251 AD2d 856; Blach v Glabman, 234 AD2d 328; Stephan v Stein, 226 AD2d 364; Coppola v Singer, 211 AD2d 744). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.