█ Nina Giovannucci, Respondent, v Thomas J. Petrone et al., Appellants. [858 NYS2d 255]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated June 8, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint on the ground that the action is barred by the exclusivity provisions of the Workers' Compensation Law.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Thomas J. Petrone, and substituting therefor a provision granting that branch of the motion; as modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured when she tripped and fell on a raised platform at premises owned by the defendants Thomas J. Petrone (hereinafter Petrone) and Maria Petrone. At the time, the plaintiff was an employee of Comforce Staffing Services (hereinafter Comforce), a temporary employment agency, and was working at the premises as a temporary administrative assistant for nonparty Petrone & Associates, LLC (hereinafter P & A). The defendants moved, inter alia, for summary judgment dismissing the complaint on the ground that the action is barred by the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]). The defendants argued that the plaintiff was a special employee of P & A and that they were her co-employees. The Supreme Court denied that branch of the motion. We modify.

The defendants demonstrated, prima facie, that the plaintiff was a special employee of P & A by proffering competent evi-

dence in admissible form that P & A controlled and directed the manner, details, and ultimate result of the plaintiff's work (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]; *Roberson v Moveway Transfer & Stor.*, 44 AD3d 839 [2007]; *Bailey v Montefiore Med. Ctr.*, 12 AD3d 545 [2004]; *Causewell v Barnes & Noble Bookstores*, 238 AD2d 536 [1997]; *Niranjan v Airweld, Inc.*, 302 AD2d 572 [2003]; *Carino v Kenmare Remodeling*, 292 AD2d 555 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. The defendants also demonstrated, prima facie, that Petrone was a co-employee of the plaintiff by proffering competent evidence in admissible form that he was the chief executive officer of P & A (*see Macchirole v Giamboi*, 97 NY2d 147 [2001]; *Ogilvie v McDonald's Corp.*, 294 AD2d 550 [2002]; *Crowder v Leichter*, 282 AD2d 423 [2001]; *Castro v Stallone*, 281 AD2d 445 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the plaintiff's exclusive remedy as against Petrone is workers' compensation benefits, even though he is also an owner of the subject premises (*see Macchirole v Giamboi*, 97 NY2d 147 [2001]; *Heritage v Van Patten*, 59 NY2d 1017 [1983]; *Ogilvie v McDonald's Corp.*, 294 AD2d 550 [2002]; *Crowder v Leichter*, 282 AD2d 423 [2001]; *Castro v Stallone*, 281 AD2d 445 [2001]). Consequently, summary judgment dismissing the complaint as against Petrone should have been granted.

However, the defendants failed to proffer competent evidence in admissible form that the defendant Maria Petrone was a co-employee of the plaintiff. Thus, summary judgment dismissing the complaint insofar as asserted against Maria Petrone was properly denied. Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.