■ Robert Navallo et al., Respondents, v R.P. Brennan General Contractors, Appellant. [928 NYS2d 605]—

The plaintiff Robert Navallo (hereinafter the plaintiff), an operating engineer, allegedly was injured during the renovation of the Plaza Hotel in Manhattan. The defendant, the general contractor and construction manager for the project, required the use of temporary heaters during the renovation, but did not have an agreement with the union representing the operating engineers who oversaw the use of the heaters. Accordingly, the defendant contacted the nonparty Forest Builders Supply (hereinafter Forest), one of its suppliers, to hire operating engineers, including the plaintiff, to oversee the heaters on a temporary basis. According to the deposition testimony of the defendant's representative, the defendant would reimburse Forest "dollar-for-dollar" with respect to the wages paid to the operating engineers hired by Forest.

The Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint on the ground that the action was barred by the Workers' Compensation Law, because the plaintiff was its special employee (*see* Workers' Compensation Law §§ 11, 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]). The defendant established its prima facie entitlement to judgment as a matter of law. The deposition testimony submitted by the defendant established, prima facie, that, to the extent that any entity controlled and directed the manner, details, and ultimate result of the plaintiff's work, it was the defendant. The defendant also was responsible for the furnishing of equipment, had the authority to direct Forest to fire the plaintiff, and the work being performed was in furtherance of the defendant's business

(*see Gaynor v Cassone Leasing, Inc.*, 79 AD3d 967, 968-969 [2010]; *Balamos v Elmhurst Realty Co. I, LLC*, 56 AD3d 705, 706 [2008]; *Graziano v 110 Sand Co.*, 50 AD3d 635, 636 [2008]; *Roberson v Moveway Transfer & Stor.*, 44 AD3d 839, 840 [2007]; *Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1005 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.