■ FRANK SAUNDERS, Respondent-Appellant, v NEWMARK CONSTRUCTION et al., Appellants-Respondents, and ADVANCED CONTRACTING CORP., Respondent, et al., Defendants. [941 NYS2d 681]—

In a consolidated action to recover damages for personal injuries, (1) the defendants Newmark Construction, Newmark & Company, Ethan Builders, LLC, and Bay Street Associates, LLC, appeal from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated December 20, 2010, as denied those branches of their cross motion which were for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, for summary judgment on their cross claim for contractual indemnification against the defendant Advanced Contracting Corp., and (2) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendant Advanced Contracting Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Advanced Contracting Corp., payable by the plaintiff and the defendants Newmark Construction, Newmark & Company, Ethan Builders, LLC, and Bay Street Associates, LLC, and one bill of costs to the plaintiff payable by the defendants Newmark Construction, Newmark & Company, Ethan Builders, LLC, and Bay Street Associates, LLC.

The defendant Bay Street Associates, LLC (hereinafter Bay Street), owned certain premises located on Bay Street in Jersey City, New Jersey (hereinafter the work site). Bay Street contracted with the defendants Newmark Construction and/or Newmark & Company (hereinafter together Newmark Construction), to be the construction manager for a construction and renovation project at the work site. Bay Street also contracted with Ethan Builders, LLC (hereinafter Ethan Builders), to be the general contractor for the project. Advanced Contracting Corp. (hereinafter Advanced) performed interior demolition for the project. Nonparty United Staffing was one of two companies that Advanced contracted with to supply Advanced with labor-

ers at the work site. The plaintiff, a United Staffing laborer, commenced this action against, among others, Newmark Construction, Ethan Builders, Bay Street, and Advanced to recover damages for personal injuries which he allegedly sustained on the work site.

The Supreme Court properly granted that branch of Advanced's motion which was for summary judgment dismissing the complaint insofar as asserted against it. None of the parties challenge the Supreme Court's application of New York and New Jersey law with respect to the workers' compensation issue raised by Advanced in support of its motion. The court determined that no conflict of law exists with respect to that issue. "[A]n injured person who receives workers' compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer" (*Dulak v Heier*, 77 AD3d 787, 787 [2010]; *see* Workers' Compensation Law §§ 11, 29 [6]; *Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 357-359 [2007]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 559-560 [1991]; *see also Walrond v County of Somerset*, 382 NJ Super 227, 235, 888 A2d 491, 496 [2006]). Under the circumstances of this case, Advanced submitted sufficient evidence demonstrating, as a matter of law, that the plaintiff was its special employee. The plaintiff failed to raise a triable issue of fact in opposition (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557; *Navallo v R.P. Brennan Gen. Contrs.*, 87 AD3d 683, 683 [2011]; *Vanderwerff v Victoria Home*, 299 AD2d 345 [2002]; *Kramer v NAB Constr. Corp.*, 282 AD2d 714, 715 [2001]; *Walrond v County of Somerset*, 382 NJ Super at 236-238, 888 A2d at 496-498; *Kelly v Geriatric & Med. Servs., Inc.*, 287 NJ Super 567, 575-577, 671 A2d 631, 635-636 [1996], *affd* 147 NJ 42, 685 A2d 943 [1996]; *Volb v G.E. Capital Corp.*, 139 NJ 110, 116-117, 651 A2d 1002, 1004-1006 [1995]; *Antheunisse v Tiffany & Co., Inc.*, 229 NJ Super 399, 404, 551 A2d 1006, 1008 [1998]; *Cameli v Pace Univ.*, 131 AD2d 419, 420-421 [1987]).

The Supreme Court properly denied that branch of the cross motion of Newmark Construction, Ethan Builders, and Bay Street (hereinafter collectively the Newmark defendants) which was for summary judgment dismissing the complaint insofar as asserted against them. None of the parties challenge the Supreme Court's application of New Jersey law with respect to the duty of care owed to the plaintiff. There was insufficient evidence submitted regarding the role of the Newmark defendants in the means and methods of the execution of the plaintiff's work (*see Olivo v Owens-Illinois, Inc.*, 186 NJ 394, 407, 895 A2d

1143, 1150-1151 [2006]; *Muhammad v New Jersey Transit*, 176 NJ 185, 198-199, 821 A2d 1148, 1155-1157 [2003]; *Pfenninger v Hunterdon Cent. Regional High School*, 167 NJ 230, 252, 770 A2d 1126, 1138-1139 [2001]). There also was insufficient evidence submitted regarding Newmark Construction's and Ethan Builders' actual knowledge of alleged dangerous conditions, the relationship between the parties and the connection between their responsibility for work progress and safety concerns, and their opportunity and capacity to have avoided the risk of harm through corrective measures (*see Alloway v Bradlees, Inc.*, 157 NJ 221, 225, 231-233, 723 A2d 960, 962, 965-966 [1999]). Therefore, the Newmark defendants failed to establish their entitlement to judgment as a matter of law, and the Supreme Court properly denied this branch of the cross motion regardless of the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Finally, the Supreme Court properly denied the alternative branch of the Newmark defendants' cross motion which was for summary judgment on their cross claim for contractual indemnification against Advanced. The Newmark defendants "failed to tender proof in admissible form establishing the terms of the contract in effect at the time of [the plaintiff's] accident" (*Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809 [2010]; *see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *City of New York v Gowanus Indus. Park, Inc.*, 65 AD3d 1071, 1073 [2009]). Therefore, the Supreme Court properly denied this branch of the motion regardless of the sufficiency of Advanced's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Dillon, J.P., Florio, Austin and Roman, JJ., concur.