■ CHERISE MUNION, Respondent, v TRUSTEES OF COLUMBIA UNIVERSITY IN CITY OF NEW YORK, Appellant. [991 NYS2d 460]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered November 15, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On March 31, 2011, the plaintiff, an employee of nonparty TemPositions, was working as a coat checker at the Faculty House of Columbia University. After arriving at the Faculty House, while walking to the coatroom, she tripped and fell over the floor saddle located between the coat room corridor and a reception area. Shortly after the accident, the plaintiff began receiving workers' compensation benefits under a TemPositions policy. The plaintiff commenced this action against the trustees of Columbia University (hereinafter the defendant). The defendant moved for summary judgment dismissing the complaint on the grounds that it was the plaintiff's special employer pursuant to Workers' Compensation Law §§ 11 and 29 (6), and that the alleged defect was trivial as a matter of law and, thus, not actionable. The Supreme Court denied the motion. The defendant appeals.

"[T]he receipt of workers' compensation benefits is the exclusive remedy that a worker may obtain against an employer for losses suffered as a result of an injury sustained in the course of employment" (*Charles v Broad St. Dev., LLC*, 95 AD3d 814, 816 [2012] [internal quotation marks omitted]; *see* Workers' Compensation Law §§ 11, 29 [6]). " 'A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer' " (*Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 769 [2012], quoting *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 150 [2010]). "A special employee is 'one who is transferred for a limited time of whatever duration to the service of another,' and limited liability inures to the benefit of both the general and special employer" (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d

351, 359 [2007], quoting *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]).

"[A] person's categorization as a special employee is usually a question of fact" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557). However, "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*id.* at 557-558). "Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive . . . Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business . . . The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work" (*Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]; *see Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d 694, 698 [2012]; *Digirolomo v Goldstein*, 96 AD3d 992, 993-994 [2012]).

"The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (*Pena v Automatic Data Processing, Inc.*, 105 AD3d 924, 924 [2013]; *see Hofweber v Soros*, 57 AD3d 848, 849 [2008]).

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendant submitted the affidavit of an attorney employed by the New York State Insurance Fund, who averred that the plaintiff had been receiving Workers' Compensation benefits under a TemPositions policy since April 8, 2011, thus establishing, prima facie, that the plaintiff received Workers' Compensation benefits from her general employer. The defendant further demonstrated, through the deposition testimony and affidavit of the general manager of the Faculty House and the affidavit of TemPositions' chief executive officer, that the defendant controlled and directed the manner, details, and ultimate result of the plaintiff's work. The defendant also had the authority to discharge the plaintiff, and the work she performed was in furtherance of the defendant's business (*see Navallo v R.P. Brennan Gen. Contrs.*, 87 AD3d 683 [2011]; *Giovannucci v Petrone*, 51 AD3d 632 [2008]). In addition, the plaintiff, at her own deposition, the transcript of which was submitted by the defendant in support of its motion, stated, inter alia, that TemPositions told her where and to whom to report, but that the defendant's

supervisors instructed her on her work duties. Thus, the defendant established, prima facie, that it was the plaintiff's special employer.

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Navallo v R.P. Brennan Gen. Contrs.*, 87 AD3d at 684; *Giovannucci v Petrone*, 51 AD3d 632 [2008]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint on the ground that the action was barred by the exclusivity provisions of the Workers' Compensation Law, since the defendant was the plaintiff's special employer, and she received Workers' Compensation benefits from her general employer.

In light of our determination, we need not address whether the defendant met its prima facie burden of demonstrating that the alleged defect was trivial as a matter of law. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.