■ Douglas Wilson, Appellant, v A.H. Harris & Sons, Inc., Respondent. [16 NYS3d 589]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated July 16, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment dismissing the second and third affirmative defenses.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of nonparty Adecco, a provider of temporary staffing services, was working at the defendant's premises, assisting a corporate operations manager as the defendant had trained him to do, when he allegedly sustained personal injuries. The plaintiff applied for and received workers' compensation benefits from Adecco's insurance carrier. The plaintiff also commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that the action was barred by the exclusivity provisions of the Workers' Compensation Law. The plaintiff cross-moved for summary judgment dismissing the

second and third affirmative defenses, which alleged that the action was barred by the exclusivity provisions of the Workers' Compensation Law. The Supreme Court granted the motion and denied the cross motion.

" 'In general, workers compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment' " (*Matias v City of New York*, 127 AD3d 1145, 1146 [2015], quoting *Maropakis v Stillwell Materials Corp.*, 38 AD3d 623, 623 [2007]; *see* Workers' Compensation Law §§ 11, 29 [6]). For purposes of the Workers' Compensation Law, a person may be deemed to have more than one employer, a general employer and a special employer (*see Munion v Trustees of Columbia Univ. in City of N.Y.*, 120 AD3d 779 [2014]). "The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (*Pena v Automatic Data Processing, Inc.*, 105 AD3d 924, 924 [2013]).

A special employee is "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 359 [2007]). In determining whether a special employment relationship exists, a court should consider factors such as the right to control the employee's work, the method of payment, the furnishing of equipment, and the right to discharge (*see Munion v Trustees of Columbia Univ. in City of N.Y.*, 120 AD3d at 780; *Ugijanin v 2 W. 45th St. Joint Venture*, 43 AD3d 911, 913 [2007]). "A significant and weighty factor . . . is 'who controls and directs the manner, details and ultimate result of the employee's work' " (*Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d 694, 697 [2012], quoting *Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *see Graziano v 110 Sand Co.*, 50 AD3d 635, 636 [2008]; *Navarrete v A & v Pasta Prods., Inc.*, 32 AD3d 1003, 1004 [2006]).

Here, the defendant established, prima facie, that this action was barred by the exclusivity provisions of the Workers' Compensation Law. Evidence submitted in support of the motion demonstrated, prima facie, that the defendant controlled and directed the manner, details, and ultimate result of the plaintiff's work, and that the defendant was the plaintiff's special employer (*see Munion v Trustees of Columbia Univ. in City of N.Y.*, 120 AD3d at 780-781; *Navallo v R.P. Brennan Gen. Contrs.*, 87 AD3d 683 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect

*Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

Concomitantly, the plaintiff failed to submit evidence sufficient to demonstrate, prima facie, that the defendant was not his special employer (*see id.*), and the Supreme Court properly denied the plaintiff's cross motion for summary judgment dismissing the second and third affirmative defenses. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.