■ Shenequa A. Bostick, Respondent, v Penske Truck Leasing Co., L.P., et al., Respondents, and Bella Bus Corp. et al., Appellants. [34 NYS3d 468]—

In an action to recover damages for personal injuries, the defendants Bella Bus Corp. and Anwar C. Overton appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 29, 2015, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs.

The plaintiff, a school bus matron, commenced this action against, among others, the defendants Bella Bus Corp. (hereinafter Bella Bus), the owner of the bus to which she was assigned, and Anwar C. Overton, a bus driver employed by Bella Bus (hereinafter together the bus defendants), to recover damages for injuries she alleges she sustained on December 3, 2013, when the bus was involved in a collision with another vehicle. The bus defendants admit that the plaintiff was employed by, and received workers' compensation benefits from, nonparty Brooklyn Transportation Corp. (hereinafter Brooklyn Transportation), but contend that the plaintiff also was a "special employee" of Bella Bus.

Prior to the completion of any depositions, the bus defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that the action insofar as asserted against them was barred by the Workers' Compensation Law because the plaintiff was a "special employee" of Bella Bus. The Supreme Court denied the motion. We affirm.

Pursuant to Workers' Compensation Law §§ 11 and 29 (6), an employee who is entitled to receive workers' compensation benefits may not sue his or her employer or co-employee based on the injuries sustained (see Workers' Compensation Law §§ 11, 29 [6]). For purposes of the Workers' Compensation Law, a person may be deemed to have more than one employer—a general employer and a special employer (see Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 779 [2014]). "The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (Pena v Automatic Data Processing, Inc., 105 AD3d 924, 924 [2013]).

A special employee is "one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]). The

determination as to who properly qualifies as a "special employee" of a particular employer is to be made on the basis of many factors, including whether that employer "controls and directs the manner, details and ultimate result of the employee's work" (*id.* at 558). "[A] person's categorization as a special employee is usually a question of fact" (*id.* at 557).

Here, the Supreme Court correctly denied the bus defendants' motion for summary judgment, as they failed to make a prima facie showing that the plaintiff was a "special employee" of Bella Bus. The documents submitted by the bus defendants in support of their motion did not establish that Bella Bus controlled and directed the manner and details of the plaintiff's work (*see e.g. Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 769-770 [2012]; *Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d 694, 698 [2012]). Nor did the submissions show that the plaintiff's actual employer, Brooklyn Transportation, had permanently assigned her exclusively to Bella Bus on a full-time basis or that the plaintiff had been hired by Brooklyn Transportation solely to meet Bella Bus's specified employee needs (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558-559). The affidavit submitted by the bus defendants also failed to identify any specific Bella Bus employee who supervised the plaintiff (*see VeRost v Mitsubishi Caterpillar Forklift Am., Inc.*, 124 AD3d 1219, 1221 [2015]).

Since the bus defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The bus defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the bus defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.