Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 13, 2016, which denied defendants Boro Transit, Inc., Gado Mohammed, and Logistic Associates, Inc.’s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
 

 Plaintiff Rosalyn Green, a school bus matron employed by nonparty ANJ Service, Inc., alleges that she suffered injuries in an accident that occurred while she was working on a school bus registered to defendant Boro Transit and driven by defendant Mohammed, an employee of Boro Transit. Defendants failed to make a prima facie showing that plaintiff was a “special employee” of Boro Transit, so that her claims against Boro Transit and Mohammed would be barred by the exclusive remedy provisions of Workers’ Compensation Law §§ 11 and 29 (6) (see Thompson v Grumman Aerospace Corp., 78 NY2d 553 [1991]; Bostick v Penske Truck Leasing Co., L.P., 140 AD3d 999 [2d Dept 2016]). They did not demonstrate that Boro Transit assumed exclusive control over plaintiffs work. Indeed, their witnesses testified that ANJ matrons were supervised by management employees of another company, not by any employee of Boro Transit. Defendants offered no evidence to support a finding that defendant Logistic Associates, allegedly liable as the owner of the school bus (Vehicle and Traffic Law § 388), was entitled to rely on the exclusivity bar of the Workers’ Compensation Law.
 

 Concur — Tom, J.P., Manzanet-Daniels, Mazzarelli, Oing and Singh, JJ.