James v Crystal Springs Water (2018 NY Slip Op 05756)





James v Crystal Springs Water


2018 NY Slip Op 05756


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-06714
 (Index No. 66479/14)

[*1]Robert James, appellant, 
v
Crystal Springs Water, etc., respondent.


Simonson Goodman Platzer, P.C., New York, NY (Edward S. Goodman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Joshua Cash of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated June 20, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, who was employed by nonparty Manpower Group US, Inc. (hereinafter Manpower), allegedly was injured in an accident that occurred while he was working at premises owned by the defendant, Crystal Springs Water (hereinafter Crystal Springs). After the accident, the plaintiff began receiving workers' compensation benefits pursuant to a Manpower insurance policy. The plaintiff commenced this action against Crystal Springs to recover damages for personal injuries. Following joinder of issue and the completion of discovery, Crystal Springs moved for summary judgment dismissing the complaint on the ground, among others, that it was the plaintiff's special employer pursuant to Workers' Compensation Law §§ 11 and 29. The Supreme Court granted the motion, and the plaintiff appeals.
Pursuant to Workers' Compensation Law §§ 11 and 29(6), an employee who is entitled to receive workers' compensation benefits may not sue his or her employer based on injuries sustained by the employee. "For purposes of the Workers' Compensation Law, a person may be deemed to have more than one employer—a general employer and a special employer" (Bostick v Penske Truck Leasing Co., L.P., 140 AD3d 999, 1000; see Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 779). "The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (Pena v Automatic Data Processing, Inc., 105 AD3d 924, 924).
"A special employee is one who is transferred for a limited time of whatever duration to the service of another'" (Bostick v Penske Truck Leasing Co., L.P., 140 AD3d at 1000, quoting Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). " [A] person's categorization as a special employee is usually a question of fact'" (Bostick v Penske Truck Leasing Co., L.P., 140 AD3d at 1000, quoting Thompson v Grumman Aerospace Corp.,78 NY2d at 557). "However, the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact'" (Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d at 780, quoting Thompson v Grumman [*2]Aerospace Corp., 78 NY2d at 557-558). " Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive. . . . Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business. . . . The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work.'" (Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d at 780, quoting Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662).
Here, Crystal Springs established its prima facie entitlement to judgment as a matter of law dismissing the complaint. Crystal Springs established, prima facie, that the plaintiff received workers' compensation benefits through the submission of the plaintiff's deposition testimony, in which the plaintiff testified that he had applied for and received workers' compensation benefits. Crystal Springs also submitted the plaintiff's bill of particulars, which stated that the plaintiff was receiving workers' compensation benefits. In addition, Crystal Springs demonstrated, through the plaintiff's deposition testimony and the deposition testimony of its production manager and plant supervisor, that Crystal Springs controlled and directed the manner, details, and ultimate result of the plaintiff's work. Thus, Crystal Springs established, prima facie, that it was the plaintiff's special employer.
In opposition to the defendant's prima facie showing, the plaintiff's affidavit, in which he asserted that he received no supervision while working at the Crystal Springs facility, contradicting his own deposition testimony, was insufficient to raise a triable issue of fact (see TDS Leasing, LLC v Tradito, 148 AD3d 1079, 1081; Reale v Tsoukas, 146 AD3d 833, 835; Matter of Agai v Diontech Consulting, Inc., 138 AD3d 736, 737).
Accordingly, we agree with the Supreme Court's determination to grant Crystal Springs' motion for summary judgment dismissing the complaint.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court