Chiloyan v Chiloyan (2021 NY Slip Op 04696)





Chiloyan v Chiloyan


2021 NY Slip Op 04696


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-12546
 (Index No. 150991/14)

[*1]Vanik Chiloyan, appellant,
v
Eduard Chiloyan, respondent.


Law Office of Yuriy Prakhin, P.C. (John F. Clennan, Ronkonkoma, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Karen H. Tommer and Lindsay Kalick of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Kim Dollard, J.), dated October 18, 2019. The judgment, upon a decision of the same court (Kenneth R. McGrail, Ct. Atty. Ref.) dated February 14, 2019, made after a framed-issue hearing, determining, in effect, that the defendant established his affirmative defense that the action was barred by the Workers' Compensation Law, and upon an order of the same court dated March 22, 2019, directing dismissal of the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the order dated March 22, 2019, and the decision dated February 14, 2019, are vacated, the complaint is reinstated, and the defendant's affirmative defense that the action is barred by the exclusivity provisions of the Workers' Compensation Law is dismissed.
In 2010, the defendant, individually, entered into an agreement, titled "independent contractor agreement," pursuant to which he agreed to lease a van and use it to transport passengers for nonparty R.W. Express, LLC, doing business as Go Airlink (hereinafter R.W. Express). The defendant formed Van Air Service, Inc. (hereinafter Van Air), for the purpose of operating the van, which was registered in his name, for R.W. Express. The plaintiff and the defendant operated the van to transport passengers for R.W. Express. R.W. Express issued one weekly check payable to Van Air based upon the total amount of work performed that week by both men. R.W. Express withheld from the checks funds for workers' compensation insurance and the lease payments for the van.
On September 16, 2012, the plaintiff allegedly sustained personal injuries when the van, which he was operating, was involved in a collision with another vehicle. The plaintiff filed a claim for workers' compensation benefits. In October 2013, the Workers' Compensation Board (hereinafter the Board) determined that the plaintiff was entitled to receive workers' compensation benefits from the insurance carrier for R.W. Express. After further proceedings before the Board during which the plaintiff's employment status was disputed by the insurance carrier for R.W. Express, the issue was settled with the insurance carrier for R.W. Express agreeing to pay the [*2]plaintiff benefits without the Board adjudicating the plaintiff's employment status.
Thereafter, the plaintiff commenced this action against the defendant, as the registered owner of the van, alleging, inter alia, that the plaintiff sustained serious injuries due to the defendant's negligent maintenance of the van. In his answer, the defendant asserted as an affirmative defense that the action was barred by the exclusivity provisions of the Workers' Compensation Law. On a prior appeal, this Court affirmed an order denying the defendant's motion for summary judgment dismissing the complaint on the grounds that it was barred by the exclusivity provisions of the Workers' Compensation Law (see Chiloyan v Chiloyan, 170 AD3d 943).
While the appeal was pending, by order dated June 11, 2018, the Supreme Court (Desmond A. Green, J.) directed a framed-issue hearing to determine all issues of fact and law relatingúto the Workers' Compensation Law issues in the action, and referred the matter to a court attorney referee to hear and determine those issues. In a decision dated February 14, 2019, the Court Attorney Referee (Kenneth R. McGrail, Ct. Atty. Ref.) determined, after a framed-issue hearing, in effect, that the defendant established his affirmative defense that the action was barred by the exclusivity provisions of the Workers' Compensation Law, finding that the plaintiff was an employee of Van Air, and as a co-employee of the defendant, he could not sue the defendant individually solely by virtue of the defendant's ownership of the van. By order dated March 22, 2019, the Supreme Court, upon the Referee's decision, directed dismissal of the complaint. On October 18, 2019, judgment was entered upon the order dated March 22, 2019, in favor of the defendant and against the plaintiff dismissing the complaint. We reverse.
Generally, workers' compensation benefits are the sole and exclusive remedy of an employee against an employer or co-employee for injuries sustained in the course of employment (see Workers' Compensation Law §§ 11, 29[6]; Weiner v City of New York, 19 NY3d 852, 854; Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051). "For purposes of the Workers' Compensation Law, a person may be deemed to have more than one employer—a general employer and a special employer" (Bostick v Penske Truck Leasing Co., L.P., 140 AD3d 999, 1000; see Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 779). "A special employee is 'one who is transferred for a limited time of whatever duration to the service of another,' and limited liability inures to the benefit of both the general and special employer" (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 359, quoting Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). "Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive. Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business. The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work" (Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d at 780 [internal quotation marks omitted]; see Giovannucci v Petrone, 51 AD3d 632, 632-633; Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662).
Here, the parties stipulated at the framed-issue hearing that R.W. Express was an employer of the plaintiff. The testimony and documentary evidence submitted at the hearing established that both the plaintiff and the defendant were drivers for R.W. Express and its affiliated companies when the defendant entered into the independent contractor agreement with R.W. Express, incorporated Van Air, acquired the subject van, and the parties began driving the van for R.W. Express. The van was never used for any purpose other than R.W. Express's business. R.W. Express supervised the parties, and the supervisors did not change after Van Air was formed. R.W. Express controlled and directed the parties as to the times and places to pick up passengers and determined the prices to be charged, determined which days the parties worked, and required them to wear a "Go Airlink" uniform and carry a "Go Airlink" identification card. R.W. Express paid Van Air weekly for the work performed by the plaintiff and the defendant, and deducted from that check the cost to lease the van and the cost of of workers' compensation insurance.
Although the evidence at the framed-issue hearing established that R.W. Express was [*3]the plaintiff's general employer, the evidence did not support a conclusion that a special employment relationship existed between the plaintiff and the defendant or Van Air at the time of the accident. Furthermore, the evidence indicated that the defendant was not a co-employee of the plaintiff at R.W. Express at the time of the accident. The defendant testified that prior to September 2012, he left his employment with R.W. Express and began working for another car service company, and that, at the time of the accident, he was in Texas training for another employment opportunity.
Accordingly, the defendant's affirmative defense that the action is barred by the exclusivity provisions of the Workers' Compensation Law should be dismissed, and the complaint should be reinstated.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court