Berry v Viad Corp. (2021 NY Slip Op 05943)





Berry v Viad Corp.


2021 NY Slip Op 05943


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-04741
 (Index No. 506771/15)

[*1]Antonio Berry, appellant,
v
Viad Corp., et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, New York, NY (Jacqueline Mandell and Jason D. Lewis of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bernard J. Graham), dated January 31, 2018. The judgment, upon an order of the same court dated December 13, 2017, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On December 10, 2014, the plaintiff, a forklift operator employed by nonparty Jacob K. Javits Convention Center, allegedly sustained injuries when he was struck by an unattended freight cart that rolled down a pedestrian handicap ramp. At the time of the accident, the plaintiff was assisting the defendant Global Experience Specialists, Inc. (hereinafter GES), in removing its trade show materials and equipment from the site. The plaintiff subsequently commenced this action against GES, and its parent company, Viad Corp., to recover damages for personal injuries. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint on the ground that the action was barred by the exclusivity provisions of the Workers' Compensation Law because the plaintiff was a special employee of GES. In an order dated December 13, 2017, the Supreme Court granted the defendants' motion. On January 31, 2018, the court issued a judgment dismissing the complaint. The plaintiff appeals.
Pursuant to Workers' Compensation Law §§ 11 and 29(6), an employee who is entitled to receive workers' compensation benefits may not sue his or her employer or co-employee based on the injuries sustained. For purposes of the Workers' Compensation Law, a person may be deemed to have more than one employer—a general employer and a special employer (see Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 779). "The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (Pena v Automatic Data Processing, Inc., 105 AD3d 924, 924).
A special employee is "one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). The [*2]determination as to who properly qualifies as a "special employee" of a particular employer is to be made on the basis of many factors, including whether that employer "controls and directs the manner, details and ultimate result of the employee's work" (id. at 558). "[A] person's categorization as a special employee is usually a question of fact" (id. at 557).
Here, the defendants established, prima facie, that this action was barred by the exclusivity provisions of the Workers' Compensation Law. The evidence submitted in support of their motion demonstrated, prima facie, that GES controlled and directed the manner, details, and ultimate result of the plaintiff's work, and that GES was the plaintiff's special employer (see Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d at 780-781; Navallo v R.P. Brennan Gen. Contrs., 87 AD3d 683). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention is without merit.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court