Miolan v Milmar Food Group, LLC (2024 NY Slip Op 03886)

Miolan v Milmar Food Group, LLC

2024 NY Slip Op 03886

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-00083
 (Index No. 11032/18)

[*1]Alquidania Miolan, appellant, 
v
Milmar Food Group, LLC, et al., respondents, et al., defendants (and third-party actions).

Brandon J. Broderick, Esq., LLC, New York, NY (Jason A. Richman of counsel), for appellant.
Fishman and Cabrera, Tarrytown, NY (D. Bradford Sessa of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated November 21, 2022. The order granted the motion of the defendants Milmar Food Group, LLC, and Milmar Food Group II, LLC, for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In November 2018, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on water in the food preparation area inside a frozen food manufacturing facility operated by the defendants Milmar Food Group, LLC, and Milmar Food Group II, LLC (hereinafter together the Milmar defendants). The plaintiff worked for a staffing agency that placed her at that facility. The Milmar defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, arguing that the plaintiff's claims were barred by the exclusivity provisions of the Workers' Compensation Law. In an order dated November 21, 2022, the Supreme Court granted the Milmar defendants' motion. The plaintiff appeals.
"Pursuant to Workers' Compensation Law §§ 11 and 29(6), an employee who is entitled to receive workers' compensation benefits may not sue his or her employer or co-employee based on the injuries sustained" (Berry v Viad Corp., 199 AD3d 632, 632). "A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer" (Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662; see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; James v Highland Rehabilitation & Nursing Ctr., 222 AD3d 736, 737).
A special employee is "one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp., 78 NY2d at 557). "The determination as to who properly qualifies as a 'special employee' of a particular employer is to be made on the basis of many factors, including whether that employer 'controls and directs the manner, [*2]details and ultimate result of the employee's work' " (Berry v Viad Corp., 199 AD3d at 633, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 558). Although a plaintiff's categorization as a special employee is normally a question of fact, "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (Thompson v Grumman Aerospace Corp., 78 NY2d at 557-558; see Rodriguez v 27-11 49th Ave. Realty, LLC, 222 AD3d 1013, 1014).
Here, the Milmar defendants established, prima facie, that the plaintiff's claims were barred by the exclusivity provisions of the Workers' Compensation Law. The evidence submitted in support of their motion demonstrated, prima facie, that the Milmar defendants controlled and directed the manner, details, and ultimate result of the plaintiff's work, and that the Milmar defendants were the plaintiff's special employer (see Thompson v Grumman Aerospace Corp., 78 NY2d at 558-559; Rodriguez v 27-11 49th Ave. Realty, LLC, 222 AD3d at 1014-1015; Berry v Viad Corp., 199 AD3d at 633). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the Milmar defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court