Villaseñor v Sivan Consulting, LLC (2024 NY Slip Op 06602)

Villaseñor v Sivan Consulting, LLC

2024 NY Slip Op 06602

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

[*1]Hector Medina Villaseñor, appellant, 
v
Sivan Consulting, LLC, respondent, et al., defendant (and a third-party action).

Ginarte Gallardo Gonzalez & Winograd, LLP, New York, NY (Timothy Norton of counsel), for appellant.
Foran Glennon Palandech Ponzi Rudloff, P.C., New York, NY (Joseph W. Szalyga of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated July 27, 2020. The order granted the motion of the defendant Sivan Consulting, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he fell from an unsecured ladder while working on a building renovation project located in New Jersey. The plaintiff was employed by nonparty JBO Contractor One, Inc. (hereinafter JBO), a subcontractor that was performing exterior work on the project. The defendant Sivan Consulting, LLC (hereinafter Sivan), was the general contractor with regard to JBO's work.
The plaintiff commenced this action against Sivan, and another defendant, to recover damages for personal injuries. Sivan moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it did not owe a duty of care to the plaintiff. In an order dated July 27, 2020, the Supreme Court granted Sivan's motion. The plaintiff appeals.
The parties agree that New Jersey law applies to determine whether Sivan owed a duty of care to the plaintiff (see Padula v Lilarn Props. Corp., 84 NY2d 519, 522-523; Saunders v Newmark Constr., 94 AD3d 738, 739). The duty of care question is answered, under New Jersey law, by application of "general negligence principles" (Alloway v Bradlees, Inc., 157 NJ 221, 230, 723 A2d 960, 964 [internal quotation marks omitted]). Specifically, in determining whether a general contractor owes a duty to assure the safety of an employee of a subcontractor, New Jersey courts "identify, weigh and balance a combination of factors," including, most importantly, the foreseeability of the risk of injury (Tarabokia v Structure Tone, 429 NJ Super 103, 113, 57 A3d 25, 32; see Alloway v Bradlees, Inc., 157 NJ at 230, 723 A2d at 964). Additionally, New Jersey courts consider "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution" (Alloway v Bradlees, Inc., 157 NJ [*2]at 230, 723 A2d at 964 [internal quotation marks omitted]).
Here, Sivan demonstrated, prima facie, that it did not owe a duty of care to the plaintiff. In particular, Sivan's submissions demonstrated that it merely had a contractual relationship with JBO which did not require it to provide for the safety of JBO's employees, that it did not control the means and methods of the plaintiff's work, that the ladder the plaintiff was using was owned and supplied by JBO and set up by the plaintiff and his coworker, and that Sivan had no knowledge that the plaintiff or other JBO employees were not using ladders safely or that there were any defects in the ladders (see Tarabokia v Structure Tone, 429 NJ Super at 117-118, 57 A3d at 34; see also Havison v Port Auth. of N.Y. & N.J., 224 AD3d 411, 412).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, "the violation of OSHA regulations without more does not constitute the basis for an independent or direct tort remedy" (Alloway v Bradlees, Inc., 157 NJ at 236, 723 A2d at 967). Rather, any alleged OSHA violation would constitute evidence of negligence, in the event that a duty of care was independently determined to exist (see id.; Fernandes v DAR Dev. Corp., 222 NJ 390, 406, 119 A3d 878, 887).
Accordingly, the Supreme Court properly granted Sivan's motion for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court